# UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

NO. 22-1726

MASON MURPHY

Plaintiff-Appellant

v.

OFFICER MICHAEL SCHMITT

Defendant-Appellee

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MISSOURI

THE HONORABLE DOUGLAS HARPOOL, PRESIDING

DEFENDANT'S-APPELLEE'S RESPONSE TO PLAINTIFF'S-APPELLANT'S PETITION FOR REHEARING EN BANC

Michael G. Berry, #33790MO
Wayne Michael Jordan III, #74469MO
NEWMAN, COMLEY & RUTH P.C.
601 Monroe Street, Suite 301
P.O. Box 537
Jefferson City, MO 65101
(573) 634-2266
(573) 636-3306 (Facsimile)
michaelberry@ncrpc.com
jordanw@ncrpc.com

Attorneys for Defendant/Appellee

# THE MAJORITY DECISION CORRECTLY AFFIRMED THE DISTRICT COURT'S RULING BY AFFIRMING DISMISSAL FOR QUALIFIED IMMUNITY

On September 6, 2023, the panel, consisting of the Honorable Grasz, the Honorable Mellow, and the Honorable Kobes, issued its per curiam opinion in this matter. In a 2-1 majority opinion, the panel affirmed the district court's ruling which granted Defendant Schmitt's motion to dismiss on the basis of qualified immunity. The majority correctly decided this case, guided by *Nieves v. Bartlett*, 139 S. Ct. 1715 (2019).

In *Nieves*, the Supreme Court held that for First Amendment retaliation cases predicated on a seizure of the person, "probable cause should generally defeat a retaliatory arrest claim[.]" *Id*. at 1727. There is no dispute whatsoever that Murphy violated Missouri Revised Statute § 300.405 which gave Officer Schmitt probable cause and lawful authority to arrest him. The inquiry can end there because Officer Schmitt is entitled to qualified immunity, in that, as here, "[a] particular officer's state of mind is simply 'irrelevant,' and it provides 'no basis for invalidating an arrest.'" *Id*. at 1724. The panel's decision must be upheld on these grounds alone, and therefore there is no basis for rehearing en banc.

# MURPHY'S THREAD-BARE PLEADINGS DO NOT MEET THE *NIEVES* HYPOTHETICAL, WHICH ALSO DOES NOT APPLY HERE

The panel correctly decided that Murphy's pleadings are factually distinct from the hypothetical contemplated in *Nieves*. The *Nieves* hypothetical, found at 139

1

S. Ct. 1727, identifies specific factual requirements to carve out this "narrow exception": (1) an individual who has been vocally complaining about police conduct (2) is arrested for jaywalking at an intersection (3) where jaywalking is an endemic and not prosecuted.

The majority correctly held that Murphy's claims are insufficient to plausibly state a claim under the *Nieves* hypothetical. The majority decided that the second prong of the *Nieves* hypothetical was not met as Murphy's allegations are "threadbare recitals of a cause of action's elements, supported by mere conclusory statements… are not entitled to the assumption of truth." Citing *Ashcroft v. Iqbal*, 556 U.S. 662, 663-4.

The majority also held that Murphy's allegations do not sufficiently support the third prong that violations of § 300.405 are so frequently observed and not addressed by law enforcement as to give rise to a reasonable inference that officers regularly decline to exercise their discretion to arrest. The grounds cited by the majority support a legal conclusion that Murphy's allegations do not adequately plead the *Nieves* exception under the *Iqbal* standard.

### THE MAJORITY HAD OTHER GROUNDS AVAILABLE TO IT THAT FURTHER SUPPORT AFFIRMING THE DISTRICT COURT'S RULING

The majority also had, but did not address, grounds to rule that the first prong of the *Nieves* hypothetical is missing from Murphy's allegations. Murphy was not an individual known to vocally criticize police conduct (or otherwise use his First

2

Amendment rights in similar situations). Murphy was not known to Officer Schmitt at all. It is undisputed that Officer Schmitt did not know Murphy. Hence, Officer Schmitt could not have known whether Murphy had been exercising First Amendment protections as the *Nieves* hypothetical contemplates. Murphy's facts fail the first prong of the hypothetical.

The majority could have also held that Murphy's refusal to identify himself was further probable cause to arrest Murphy. Missouri Revised Statute § 300.080 states, "No person shall knowingly fail or refuse to comply with any lawful order or direction of a police officer or fire department official." Murphy refused to comply by repeatedly refusing to identify himself after Officer Schmitt asked him to do so again and again, which Murphy does not dispute.

Officer Schmitt arrested Murphy after witnessing Murphy violating the law by engaging in unsafe behavior. Then, Murphy refused to identify himself. So Officer Schmitt took him to the station. Once Officer Schmitt identified Murphy and confirmed that he did not have any outstanding warrants (and Murphy calmed down), Officer Schmitt released Murphy with now charges.

## **CONCLUSION**

For reasons stated above, Murphy's Petition for Rehearing En Banc should be denied and majority decision should be affirmed.

Respectfully Submitted,

NEWMAN, COMLEY & RUTH P.C.

/s/ Wayne Michael Jordan III
Michael G. Berry,          #33790MO
Wayne Michael Jordan III, #74469MO
601 Monroe Street, Ste. 301
P.O. Box 537
Jefferson City, MO 65101
573-634-2266
573-636-3306 (fax)
michaelberry@ncrpc.com
jordanw@ncrpc.com

ATTORNEYS FOR MICHAEL SCHMITT

## CERTIFICATE OF SERVICE/COMPLIANCE

I hereby certify that a true and correct electronic version of the foregoing Brief was submitted for filing using the CM/ECF system on this 13th day of October, 2023. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I further certify that the full text of this brief was prepared in Microsoft Word, font Times New Roman, Size 14, and this brief contains 668 total words, and this brief is virus free.

/s/ Wayne Michael Jordan III

4

Appellate Case: 22-1726     Page: 5     Date Filed: 10/13/2023 Entry ID: 5325820