IN THE COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| MASON MURPHY, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) Case No. 22-1726 |
| | ) |
| OFFICER MICHAEL SCHMITT, | ) |
| | ) |
| Appellee. | ) |

**APPELLANT'S MOTION TO STAY DETERMINATION OF APPELLANT'S MOTION FOR REHEARING EN BANC PENDING OUTCOME IN THE SUPREME COURT OF GONZALEZ V. TREVINO**

Comes now Appellant Mason Murphy, by counsel W. Bevis Schock, and moves to stay the determination of Appellant's Motion for Rehearing En Banc, (and to stay issuance of the mandate), pending the Supreme Court's decision in *Gonzalez v. Trevino*, Sup Ct. 22-1025, for that matter will likely be determinative of the decisive issue in this case.

**FACTS, ISSUE, AND PROCEDURAL POSTURE**

Appellant Mason Murphy was out for a walk in Sunrise Beach, Missouri, and, according to him, was arrested in retaliation for his refusal to tell Appellee police officer his name. He has sued under 42 U.S.C. 1983 for retaliation for exercise of first amendment rights. The Officer has defended by pointing out that while Murphy may have been out for an innocent walk, he was walking with, not

1

against, traffic which violated RSMo. 300.405, and so under *Atwater v. Lago Vista*, 532 U.S. 318, 351 (2001) regardless of the First Amendment issue the officer had probable cause to arrest Murphy and so could do so with impunity. Murphy has countered that under *Nieves v. Bartlett*, 139 S. Ct. 1715, 1727 (2019) there is an exception to *Atwater* such that a subject may not be arrested for conduct for which others are typically not arrested, with the *Nieves* Court giving the example of a protestor being arrested for jaywalking when no one else gets arrested for jaywalking.

Murphy promotes "common sense" to understand that no one gets arrested for walking with traffic instead of against traffic, and notes that in any case the evidence of whether anyone in Sunrise Beach, Missouri has ever been arrested for walking with traffic instead of against traffic is in the hands of Sunrise Beach not Murphy, and so Murphy should get his chance to engage in discovery.

The district court granted Appellee Officer' Motion to Dismiss and Murphy appealed. On September 6, 2023 this court issued its decision in the case, rejecting Murphy's claim. The court stated:

> As a matter of experience and common sense the present allegations do not show violations of § 300.405 are so common as to be "endemic" or are so frequently observed as to give rise to a "reasonable inference" that officers "typically exercise their discretion" not to arrest.

The dissent stated, however:

> Murphy never had an opportunity to discover and present "objective evidence" of First Amendment retaliation under *Nieves* because the district court prematurely dismissed Murphy's complaint. It largely negates the Supreme Court's opinion in *Nieves* to require a plaintiff to show "objective evidence" of the type of selective enforcement needed *before* discovery. Yet the court effectively does so by affirming dismissal here.

On September 14, 2023 Murphy moved for Rehearing En Banc. The Court ordered a response. On October 13, 2023 Appellee filed that response.

## GONZALEZ V. TREVINO, SUPREME COURT

On that same October 13, 2023, the Supreme Court granted certiorari in *Gonzalez v. Trevino*, 22-1025. In that case a councilwoman in a small Texas town opposed the City Manager and was arrested because after a council meeting she had put into her briefcase instead of leaving on the table a petition to remove the City Manager. Echoing Murphy, she filed suit, and just like in Murphy, she lost in the Court of Appeals, *Gonzalez v. Trevino*, 42 F.4th 487, 503 (5th Cir. 2022). The dissent in that case, making similar points to the dissent here, stated at 503:

> Rather, the retaliatory-arrest-jaywalking plaintiff always (or almost always) must appeal to the commonsense proposition that jaywalking happens all the time, and jaywalking arrests happen virtually never (or never). Yet under today's opinion, I am afraid the very jaywalking plaintiff invoked by the Supreme Court to illustrate part two of the *Nieves* rule would lose for lack of nonexistent comparative evidence.

The Supreme Court's order accepting certiorari defines the first question as:

> Whether the *Nieves* probable cause exception can be satisfied by objective evidence other than specific examples of arrests that never happened?

3

Appellant suggests that the opinion in *Gonzalez* will likely clarify what evidence is needed to fall within the *Nieves* exception, and so that opinion will most likely clarify what the decision in this case should be.

A stay of the determination of Appellants' Motion for Rehearing, (and a stay of issuance of the mandate), pending the outcome of *Gonzalez* will therefore promote justice.

## PRAYER

WHEREFORE, Appellant moves to stay the determination of the Motion for Rehearing En Banc, and to stay the mandate, pending a decision in the Supreme Court in *Gonzalez v. Trevino*, 22-1025.

Respectfully Submitted,

　/s/ W. Bevis Schock　.
W. Bevis Schock, 32551MO
Attorney for Appellant
7777 Bonhomme Ave., Ste. 1300
St. Louis, MO  63105
wbschock@schocklaw.com
Fax:　　　314-726-2322
Voice:　　314-721-1698

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with FRAP 27(d)(2)(A) because it contains 771 words, which is less than the limit of 5,200 words for a Motion or Reply to a Motion.

/s/ W. Bevis Schock, Attorney for Appellees

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2023 I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ W. Bevis Schock, Attorney for Appellant

Counsel hereby certifies under 8th Cir R. 25A(a) that he has signed the original of this document.